IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE J. MORRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-252-RGA |
| | : | |
| DANA METZGER, et al., | : | |
| | : | |
| Defendants. | : | |

Tyrone J. Morris, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

## **MEMORANDUM OPINION**

October 22, 2018
Wilmington, Delaware



**ANDREWS, U.S. District Judge:**

Plaintiff Tyrone J. Morris, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court screens and reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

The Court screened Plaintiff's original complaint and he was given leave to amend. (D.I. 13, 14). In his amended complaint (D.I. 15), Plaintiff states that he has psoriasis, severe arthritis, and mental illness. He has had psoriasis since age 15. He alleges the lack of proper care from Defendants has caused him extreme pain and anguish. Plaintiff alleges this also affects his mental health by exacerbating severe depression and obsessive compulsive disorder to the point of suicidal ideation. Plaintiff was hospitalized for more than a week for an allergic reaction to medications prescribed to treat his conditions.

Plaintiff alleges Defendants refuse to provide the proper amount of ointment needed for daily skin care so that he may shower. As a result, he is left with a choice between severe pain and bathing. Plaintiff also alleges that medical staff saw the

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

severity of his skin condition, but would not provide enough ointment to cover a single leg at a time. Plaintiff alleges that, at times, he is riddled with pain and can barely move. Plaintiff complains of trouble sleeping and semi-constant twitching and itching. Plaintiff believes the denial of proper medication led to a blood infection. Plaintiff alleges that he almost died from the infection.

Named as Defendants are JTVCC Warden Dana Metzger, Delaware Department of Correction Commissioner Perry Phelps, JTVCC Medical Director Matthew Wofford, and Deputy Warden Scarborough. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent

2

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

3

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Respondeat Superior**. It is clear from Plaintiff's allegations that Defendants are named based upon their supervisory positions. There are no allegations directed against any specific defendant and Defendants are not mentioned in any of the exhibits attached to Plaintiff's amended complaint.

It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The amended complaint does not allege any direct or personal involvement by any of the defendants other than in their capacities as supervisors/administrators at the VCC. Plaintiff's claims

4

rest impermissibly upon a theory of supervisory liability and, therefore, the claims against Defendants must be dismissed as legally frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**Medical Needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429

5

U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As noted above, there is no mention of any Defendant in the pleadings or exhibits to the amended complaint. Even when reading the amended complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need.

The amended complaint and its exhibits indicate that Plaintiff received medical care, but because the allegations amount to inadequate or inappropriate medical treatment, they are insufficient to state a plausible constitutional violation. *See Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.").

Plaintiff also refers to unnamed "medical staff" who refused to treat him despite the obvious severity of his condition. The amended complaint, as pled, fails to state a medical needs claim. It will be dismissed for failure to state a claim upon which relief may be granted. Since it appears plausible that Plaintiff may be able to articulate a claim against alternative defendants, he will be given one final opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

## CONCLUSION

For the above reasons, the Court will dismiss the amended complaint pursuant to

U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1) as frivolous and for failure to state a

claim upon which relief may be granted.  Plaintiff will be given leave to file a second

amended complaint.

An appropriate Order will be entered.