IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE J. MORRIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-252-RGA |
| CARLA COOPER, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington, this 20 day of November 2019, having considered Plaintiff's request for counsel (D.I. 22) and motion to amend complaint (D.I. 25);

IT IS ORDERED that: (1) the request for counsel (D.I. 22) is DENIED without prejudice to renew; and (2) motion for leave to amend (D.I. 25) is DENIED without prejudice, for the reasons that follow:

1. **Introduction**. Plaintiff Tyrone J. Morris, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7).

2. **Request for Counsel**. Plaintiff indicates that his request for counsel was prepared by another inmate who is no longer available to help him. Plaintiff states that he does not understand legal terms "at all." A *pro se* litigant proceeding *in forma*

*pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

4. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case (against a nurse for failure to provide medications) is not so factually or legally complex that requesting an attorney is warranted. In addition, the case is in its early stages and a scheduling and discovery order has not yet been ordered. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew.

5. **Motion to Amend**. Plaintiff moves to amend to add an "overlooked" grievance. (D.I. 25). Plaintiff provides the grievance appeal form and a letter upholding the appeal. (D.I. 25-1). He did not provide the Court with a copy of his proposed amended pleading.

6. Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff did not comply with the Court's Local Rule. Accordingly, the Court will deny the motion without prejudice to renew. Should Plaintiff seek to file an amended complaint, it shall contain all parties and all claims in one pleading.

*[signature]*
UNITED STATES DISTRICT JUDGE