IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE J. MORRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-252-RGA |
| | : | |
| CARLA COOPER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

1.  **Introduction**.  Plaintiff Tyrone J. Morris, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 1).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 7).  The Second Amended Complaint, which alleges that Defendant was deliberate indifferent to Plaintiff's serious medical needs, is the operative pleading.  (D.I. 18).  Before the Court are eight motions filed by Plaintiff.  (D.I. 31, D.I. 33, D.I. 38, D.I. 40, D.I. 48, D.I. 60, D.I. 65, D.I. 66).

2.  **Requests for Counsel**.  Plaintiff has renewed his request for counsel. (D.I. 31, D.I. 38).  The requests will be denied for the reasons set forth in the November 20, 2019 Memorandum Order.  (*See* D.I. 27).  As noted, the case is not so factually or legally complex that requesting an attorney to represent Plaintiff is warranted.  In addition, Plaintiff has added a new ground to request counsel because he has "received no information from his discovery."  (D.I. 38).  This appears to have been the case at the time Plaintiff made the request.  However, since then Defendant has produced

1

discovery requested by Plaintiff.  In addition, the docket indicates that Plaintiff has been able to navigate the Federal Rules of Civil Procedure in seeking and obtaining discovery.  Counsel is not necessary at this time.  Accordingly, the Court will deny without prejudice to renew Plaintiff's requests for counsel.  (D.I. 31, D.I. 38).

3. **Motion to Amend**.  Plaintiff moves to amend the Second Amended Complaint to reinstate Connections as a defendant.  Plaintiff seeks to add claims that Connections is subject to liability under the theory of respondeat superior when it selected an employee who performed negligently as well as that Defendant and Connections were medically negligent.  (D.I. 33).  In the motion, Plaintiff also states that Connections has a practice of saving money and retaining negligent employees who do not follow procedures.[1]  Defendant opposes the motion.  (D.I. 37).

4. Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires" and this includes "amendment to cure defective allegations."  *Shifflett v. Korszniak*, 934 F.3d 356, 366-67 (3d Cir. 2019)  However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

5. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6)."  *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018)

---

[1] Except for three pages of the proposed third amended complaint, the Second Amended Complaint is almost identical to the proposed third amended complaint. (*Compare* D.I. 18 to D.I. 33-1).  The new allegations in the proposed third amended complaint are found at Docket Item 33-1, pages 18-20.

(quoting *Shane*, 213 F.3d at 115).  In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015).

6.  Here, there is futility in amendment.  The proposed third amended complaint alleges that Plaintiff "needed assistance [and that] Connections should be liable for negligence having a[n] incompetent medical staff."  (D.I. 33-1 at 19)   Plaintiff wants to keep Cooper in the lawsuit for medical malpractice and complete indifference to his needs.  (*Id.*).  Plaintiff also alleges that Connections "show[ed] a practice of overlooking and saving money [and] keeping [the] same people to work for them."  (*Id.* at 18).  Finally, the proposed third amended complaint states, "this lawsuit is for . . . medical malpractice on Carla Cooper and her employer Connections."  (D.I. 33-1 at 20).

7.  The proposed amendment alleges negligence.  Allegations of medical malpractice are not sufficient to establish a Constitutional violation.  *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

8.  In addition, when a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference.  *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).  In order to establish that Connections is directly liable for the alleged constitutional violations,

Plaintiff must allege that there was a relevant Connections policy or custom, and that the policy caused the constitutional violation Plaintiff alleges.  Because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories.  *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).  Here, Plaintiff attempts to allege a Connections policy.  However, the allegations do not allege deliberate indifference; they allege negligence, which does not rise to the level of a constitutional violation.  Therefore, the motion to amend will be denied.  (D.I. 33).

9. **Motions to Compel**.  Plaintiff has filed several motions to compel.  The first, filed March 13, 2020, seeks to compel responses to discovery served on Defendant on January 21, 2020 and particularly all medical records and other information Plaintiff requested.  (*See* D.I. 35, 36, 40).  On March 31, 2020, Defendant produced Plaintiff's medical records totaling 377 pages.  (*See* D.I. 42, D.I. 43).  The first motion to compel will be denied.  (D.I. 40).

10. The second motion to compel, filed June 5, 2020, seeks the names and addresses of witnesses that Plaintiff requested in his original discovery.  (D.I. 60).  The motion will be denied without prejudice to renew should the parties be unable to resolve their discovery dispute.  In reading the third and fourth motions to compel, filed June 8, 2020, it is apparent that they are both discovery requests and not motions.  Therefore, the third and fourth motions to compel will be dismissed as moot.  (D.I. 65, D.I. 66).

11. On June 11, 2020, Defendant indicated that she has responded to all of Plaintiff's discovery requests, that she had written to Plaintiff to identify what discovery Plaintiff believed to be outstanding, and that she would respond to any motions once Plaintiff responded. (D.I. 72). Plaintiff provided the Court a courtesy copy of his response, and it indicates that he does not have witnesses, reports or statements from the DOC or witnesses, rules, regulations, and policies regarding treatment for psoriasis. (D.I. 73). The parties will be ordered to advise the Court if the discovery Plaintiff requested has been produced, whether the discovery sought is within Defendant's possession or control, or if objections have been lodged to any of the requests for discovery that has not been produced.

12. **Motion for Court Appointed Expert**. Plaintiff moves for a court appointed expert witness pursuant to Rule 706 to help him understand his medical records. (D.I. 48). Federal Rule of Evidence 706 provides that a District Court may "order the parties to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a).

13. "[A] court does not have the power to tilt the scales in favor of one litigant by funding its expert witnesses under [Rule 706]." *Young v. Martin*, 801 F.3d 172, 185 (3d Cir. 2015) As explained by the Third Circuit, "the District Court could appoint an expert for the purpose of assisting the Court, and the rule is clear that an expert so appointed should be paid either from 'funds provided by law' or 'by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.'" *Young*, 801 F.3d at 185. In addition, were I to use Rule 706 to appoint

5

an expert witness, the exercise of such authority would be in my discretion.  *Born v. Monmouth Cty. Correct. Inst.*, 458 F. App'x 193, 198 (3d Cir. 2012) (citing *Hannah v. United States*, 523 F.3d 597, 601 n.2 (5th Cir. 2008)).

14.  Plaintiff does not present any evidence that an expert is necessary for the Court's benefit at this stage of the litigation.  Instead, Plaintiff moves for an expert to help him understand his medical records.  Assuming I have the power to do so, I do not think that would be a good use of a court-appointed expert.  Therefore, the motion to appoint an expert will be denied.  (D.I. 48).

15.  **Conclusion**.  Based upon the above discussion, the Court will:  (1) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 31, 38); (2) deny Plaintiff's motion to amend (D.I. 33); (3) deny Plaintiff's first motion to compel (D.I. 40); (4) deny without prejudice to renew Plaintiff's second motion to compel (D.I. 60); (5) dismiss as moot Plaintiff's third motion to compel (D.I. 65); (6) dismiss as moot Plaintiff's fourth motion to compel (D.I. 66); and (7) deny Plaintiff's motion for a court appointment expert (D.I. 48).  A separate order shall issue.

                                                      /s/ Richard G. Andrews  
                                                     UNITED STATES DISTRICT JUDGE

July 27, 2020  
Wilmington, Delaware