IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE J. MORRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-252-RGA |
| | : | |
| CARLA COOPER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

1.  **Introduction**. Plaintiff Tyrone J. Morris, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Second Amended Complaint (D.I. 18) is the operative pleading. Before the Court are several motions filed by Plaintiff. (D.I. 74, 75, 76, 79, 85, 86, 89, 90, 95).

2.  **Motion for Extension of Time**. Plaintiff seeks an extension of time to respond to pending motions. (D.I. 74). The motion will be dismissed as moot. All pending motions filed prior to the Docket Item 74 have been ruled upon.

3.  **Motion to Amend**. Plaintiff moves to amend the Second Amended Complaint to add mental suffering and/or add to the amended version Plaintiff submitted on January 21, 2020. (D.I. 75; D.I. 75-1 at 16 of 18). The motion will be granted to the extent that the prayer for relief now reads, "Light therapy – proper care maintained[;] $400,000 for pain and suffering, and mental anguish suffering" and will otherwise be denied.

1

4.  **Motion to Compel Sealed Volumes**. Plaintiff moves the Court to compel Defendant to produce his sealed medical records and grievances. (D.I. 76). The motion will be dismissed as moot. The Court docket indicates that Defendant served the sealed documents upon Plaintiff via U.S. mail on May 22, 2020. (*See* D.I. 50). Plaintiff shall advise the Court if he did not receive copies of the records as indicated by Defendant's certificate of service.

5.  **Motion to Compel**. Plaintiff moves to compel Defendant to answer interrogatories served on January 27, 2020. (*See* D.I. 36, 79). According to Defendant's August 31, 2020 discovery status letter to the Court, she has answered the interrogatories. (*See* D.I. 84). The answers, however, do not appear on the court docket. The motion will be granted to the extent that Defendant has not yet answered the interrogatories. If Defendant has not answered the interrogatories, she will be ordered to do so within thirty days from the date of this order. If Defendant has answered the interrogatories but failed to file them, then she will be ordered to file the answers within one week of the date of this order.

6.  **Request for Counsel**. Plaintiff has renewed his request for counsel. (D.I. 85). The request will be denied for the reasons set forth in the November 20, 2019 Memorandum Order and the July 27, 2020 Memorandum and Order. (*See* D.I. 27, 80, 81). As noted, the case is not so factually or legally complex that requesting an attorney is warranted. Plaintiff has added a new ground for counsel because he has no ability to contact and question witnesses, but contradicts himself when he states that the witnesses he has spoken to will only do so under Court order. (D.I. 85 at 2). Plaintiff also refers to his "lack of medical and law lingo." (*Id.*).

7. To date, Plaintiff has ably represented himself. In addition, the docket indicates his ability to navigate the Federal Rules of Civil Procedure in seeking and obtaining discovery. The Court finds that counsel is not warranted at this time. Accordingly, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 85).

8. **Motion for Witnesses for Dispositive.** Plaintiff seeks the full names and addresses of individuals he names as witnesses. (D.I. 86). The motion will be denied without prejudice to renew. It is not clear if this is a discovery request directed to Defendant or if Plaintiff wishes to depose the named witnesses. In any event, the Court does not have the information available to it.

9. If Plaintiff seeks to depose the individuals, the Court will consider a renewed request upon a showing of Plaintiff's ability to pay for the costs of depositions of non-parties, including issuance and service of subpoena and court reporter fees. The court has no authority to finance or pay for a party's discovery expenses. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975); *see Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995) (inmate proceeding *in forma pauperis* in a civil action must pay the required fees for attendance and mileage).

10. **Motions for Court Appointed Expert Witness Rule 706; Motion for My Discovery – Expert Witness**. Plaintiff renews his request for a court appointed expert witness pursuant to Rule 706 to help him understand his medical records, to obtain an expert opinion, and to assist in using medical records prior to Plaintiff's incarceration that back up his claims. (D.I. 89, 95; *see* D.I. 95-1). The motions will be denied for the

3

reasons set forth in the July 27, 2020 Memorandum and Order.  (*See* D.I. 48, 80, 81).  Federal Rule of Evidence 706 provides that a District Court may "order the parties to show cause why expert witnesses should not be appointed."  Fed. R. Evid. 706(a).  Plaintiff does not present any evidence that an expert is necessary for the Court's benefit at this stage of the litigation.  Therefore, I will exercise my discretion and deny the motions to appoint an expert witness.

11.   **Motion for Interrogatories**.  Plaintiff moves to serve interrogatories upon non-parties.  (D.I. 90).  The motion will be denied.  The Federal Rules of Civil Procedure only permit the service of interrogatories upon parties to the litigation.  *See* Fed. R. Civ. P. 33.

12.   **Conclusion**.  As indicated, the Court will: (1) dismiss as moot the motion for an extension of time; (2) grant the motion to amend to add a claim of mental suffering and otherwise deny the motion; (3) dismiss as moot the motion to compel sealed volumes; (4) grant the motion to compel interrogatory responses; (5) deny without prejudice to renew the request for counsel; (6) deny without prejudice to renew the motion for witness information; (7) deny the motions for a court-appointed expert; and (8) deny the motion to serve interrogatories upon non-parties.

A separate order shall issue.

      /s/ Richard G. Andrews_____
     UNITED STATES DISTRICT JUDGE

February 11, 2021
Wilmington, Delaware